**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Grant Hendrix,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-23-01113-PHX-DLR<br><br>**ORDER** |

On December 21, 2018, Claimant Robert Grant Hendrix filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income benefits. (Administrative Record ("AR.") 13.) He alleges disability beginning March 31, 2018. (*Id.*, AR. 555.) The Social Security Administration denied his claim initially and again on reconsideration. (AR. 127, 151, 178, 201.) After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (AR. 10.) The Appeals Council denied review of the decision, making the ALJ's finding the final decision of the Commissioner of the Social Security Administration. (AR. 1.)

Hendrix seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g). He challenges only the finding relating to his Supplemental Security Income Benefits, not his Social Security Disability Income benefits. (Doc. 13 at 2.) For the reasons set forth herein, the Court reverses the ALJ's decision and remands the case for a calculation of benefits.

**I.   Five-Step Process**

To determine whether a claimant is disabled, the ALJ engages in a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof for the first four steps, but the burden shifts to the Commissioner at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically considered disabled. Otherwise, the ALJ moves to the fourth step, where she assesses the claimant's residual functioning capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant is not so capable, as the fifth and final step, the ALJ must determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**II.   Legal Standard**

This Court reviews only those issued raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). An ALJ's factual findings are "conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quotation and citation omitted). Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quotations and citations omitted). "When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). The substantial evidence standard is a "highly deferential standard of review." *Valentine v. Comm'r of Soc.*

*Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Still, this Court cannot affirm the ALJ's decision based on grounds on which the ALJ did not rely. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

### III. Analysis

Hendrix raises a single issue for the Court's consideration: whether the ALJ properly evaluated the opinion of Hendrix's treating physician, Susan Horne, M.D.

For claims filed on or after March 27, 2017, including Hendrix's, ALJs give no specific evidentiary weight to any medical opinion. 20 C.F.R. § 416.920c(a). Instead, an ALJ is required to consider all medical opinions and articulate how persuasive she finds them. *Id.* § 416.920c(b). The ALJ considers several factors in assessing the persuasiveness of a medical opinion, but she need only articulate in her decision her findings regarding the supportability and consistency of the opinion with other evidence in the record. *Id.* § 416.920c(b)(2). Supportability examines the relevant objective medical evidence and supporting explanations presented by the source. *Id.* § 404.1520c(c)(1). Consistency examines the evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2). For claims to which these regulations apply, ALJs are also not required to provide "clear and convincing" or "specific and legitimate" reasons to reject a treating physician's opinion. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Instead, the ALJ's evaluation of each opinion must be supported by substantial evidence. *Id.*

Dr. Horne has treated Hendrix since March 2021. Dr. Horne noted Hendrix's diagnoses of pyloric stenosis, gastroparesis, and chronic vomiting. (AR. 2286.) She opined that he would be absent from work, on average, fifteen times per month, and that his chronic vomiting would prevent him from completing an eight-hour workday about thirty days a month. (*Id.*)

The ALJ found Dr. Horne's opinion unpersuasive. (AR. 33.) She summarily rejected Dr. Horne's opinion as "extreme" and stated there is no support for the opinion "other than noting his reported daily vomiting." (AR. 34.) The ALJ explained that Dr. Horne's assessment was not supported by her records because the Dr. Horne's notes only span from

March through August of 2021, so there was no evidence of chronic vomiting beyond that period. (*Id.*) Specifically, the ALJ pointed to medical evidence from after November 2021, where medical records include fewer reports of vomiting and several instances where Hendrix denied nausea and vomiting altogether. (*Id.*) She added that Hendrix provided no evidence that he followed up with specialists to whom Dr. Horne referred him. (*Id.*) The ALJ also explained that Dr. Horne's assessment was "not fully consistent" with the longitudinal record. (*Id.*)

The ALJ's evaluation of Dr. Horne's opinion is not supported by substantial evidence. The ALJ's claim that at Hendrix's initial visit to Dr. Horne there was "little mention of problems with daily vomiting" (AR. 34) is demonstrably false. The report from that visit specifically discusses Hendrix's chronic vomiting problem and notes Hendrix's abdominal pain, nausea, and vomiting. (AR. 978.) The ALJ's assertion that Hendrix failed to follow up with specialists is similarly untrue. One of Dr. Horne's reports states that she and Hendrix discussed referral to a specialist but ultimately decided that Dr. Horne herself could perform the recommended surgery. (AR. 995.) The other noted that Hendrix was "agreeable" to following up with a specialist. (AR. 1005.) The ALJ offers no explanation as to how these two instances would render Dr. Horne's opinion unsupported. *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (remanding for benefits when ALJ "developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports" and ALJ's "paraphrasing of record material [was] not entirely accurate regarding the content or tone of the record"). The ALJ failed to provide substantial evidence that Dr. Horne's opinion is unsupported by her own records.

Further, the ALJ's assertion that it is difficult to locate evidence of chronic vomiting outside of the period during which Dr. Horne treated Hendrix is simply untrue; the ALJ herself highlighted records of the issue dating back to 2019 in her decision. (AR. 24.) The ALJ's references to instances where Hendrix "denied nausea and vomiting" are all emergency room visits where Hendrix was admitted for problems *other* than his chronic vomiting and responded to inquiries as part of a "review of systems." In other words, he

was denying nausea and vomiting symptoms *at that moment*. This evidence is not inconsistent with a chronic, recurring, unpredictable condition and cannot serve to undermine Dr. Horne's opinion. *See Johnson v. Comm'r of Soc. Sec. Admin.*, No. CV-18-00012-PHX-JJT, 2019 WL 1375688, at *2 (D. Ariz. Mar. 27, 2019) (remanding for benefits where ALJ incorrectly decided that evidence of "normal range of motion, muscle strength, and gait" was inconsistent with chronic pain). In fact, there is substantial evidence in the record that Hendrix continued to deal with chronic vomiting through 2022, when Dr. Horne opined as to his limitations. (*See, e.g.*, AR. 1049–51, 1054, 2259.) The ALJ failed to provide substantial evidence from other medical and non-medical sources that is inconsistent with Dr. Horne's opinion.

**IV.     Scope of Remand**

Hendrix requests that the Court remand for a calculation of benefits rather than for further proceedings. The credit-as-true rule provides that the Court has the discretion to decide to remand for a calculation of benefits if each part of a three-part test is satisfied. *Garrison*, 759 F.3d at 1014. First, the Court determines whether the ALJ must have failed to provide legally sufficient reasons for rejecting the claimant's testimony or medical opinions. *Id.* Second, the Court determines whether the record has been fully developed, whether outstanding issues remain, and whether further administrative proceedings would serve no useful purpose. *Id.* Third, the Court must determine whether, if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled. *Id.*

Remand for a calculation of benefits is appropriate in this instance. As the discussion above demonstrates, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Horne's opinion. The record has been fully developed, and no outstanding issues remain. The other medical opinions available assess different limitations, but they do not address Hendrix's chronic vomiting at all. (*See* AR. 115–16, 139–40.) If Dr. Horne's opinion were credited, the ALJ would have to conclude Hendrix is disabled. Dr. Horne opined that Hendrix would be absent from work around fifteen times a month. As the

1  vocational expert testified, an individual who is absent from work even ten times a month
2  would be precluded from all work. (AR. 73.) Accordingly, remand for further proceedings
3  would merely serve to delay Hendrix receiving benefits. *Varney v. Sec'y of Health & Hum.*
4  *Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988) ("Where remand would unnecessarily delay
5  the receipt of benefits, judgment for the claimant is appropriate.") The case is instead
6  remanded for a calculation of benefits.

7  **IT IS ORDERED** that the ALJ's decision (AR. 10–45) is **REVERSED** and
8  **REMANDED** for a calculation of benefits.

9  Dated this 17th day of March, 2025.

Douglas L. Rayes
Senior United States District Judge